RECEIVED
IN LAFAYETTE, LA.
APR 0 8 2009
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| GARLAND JEAN-BATISTE | CIVIL ACTION NO. 08-1985 |
| VERSUS | JUDGE DOHERTY |
| LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT, ET AL. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is the Motion to Stay filed by defendants Lafayette City-Parish Consolidated Government, Jim Craft, James Herpin, Greg Cawthorn and Paul Matte ("defendants") [Doc. 6] pursuant to the Servicemembers Civil Relief Act, 50 Appx. USCS, 501, *et seq*. The motion is opposed by plaintiff Garland Jean-Batiste [Doc. 10]. On March 18, 2009, this Court required additional briefing regarding the legal basis for the stay and the opposition to the stay, [Doc. 15], and on March 25, 2009, this Court required defendants to provide additional factual information concerning Officer Cawthorn's deployment.[1] Those briefs and that information having been received by this Court, the Court is now ready to make its ruling.

Defendants' request for a stay is two-fold. Officer Cawthorn seeks a stay on grounds he is

---

[1] This Court requested the following factual information:

1. The date Officer Cawthorn was deployed as contained in Officer Cawthorn's original orders
2. Officer Cawthorn's military rank and MOS
3. The number of times Officer Cawthorn has been deployed and the length of previous deployments, as well as the period of time between those deployments
4. The projected date that Officer Cawthorn's current deployment terminates, as contained in Officer Cawthorn's current orders
5. Any orders that have addressed or altered Officer Cawthorn's original deployment orders

*See* Doc. 18.

currently serving in the armed forces and is on active duty, and that his current military duty prevents his appearance at either a deposition in this matter or a full trial. Officer Cawthorn seeks a stay pursuant to under 50 Appx. USCS §522, which states in pertinent part:

> (a) Applicability of section
>
> This section applies to any civil action or proceeding, including any child custody proceeding, in which the plaintiff or defendant at the time of filing an application under this section--
>
>> (1) is in military service or is within 90 days after termination of or release from military service; and
>>
>> (2) has received notice of the action or proceeding.

50 App. U.S.C.S. §522.

> Section 522 goes on to provide:
>
> (b) Stay of proceedings
>
> (1) Authority for stay
>
> At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion **and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.**
>
> (2) Conditions for stay
>
> An application for a stay under paragraph (1) shall include the following:
>
> **(A)** A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> **(B)** A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

*Id.*

In support of his request for a stay, Officer Cawthorn has submitted his own letter stating he is enlisted in the Louisiana National Guard and is currently serving active military duty in Iraq, attached to the 39th Military Police Company. Officer Cawthorn states he is unable to appear for deposition or in court to defend himself or assist in his defense. He further states he will be available to appear in the lawsuit 90 days after his scheduled return to Louisiana. Also in support of his motion, Officer Cawthorn attaches a letter from Captain Calvin Foreman, Commanding Officer for Officer Cawthorn, who confirms Officer Cawthorn is serving active military duty in Iraq, and military leave is not authorized for Officer Cawthorn to travel to Louisiana to defend the lawsuit.[2]

The remaining defendants – Lafayette City-Parish Consolidated Government, Jim Craft, James Herpin, and Paul Matte – seek a stay pursuant to 50 Appx. USCS §513 on grounds Officer Cawthorn is an important witness in the case, and that, until Officer Cawthorn is able to participate, they would be prejudiced by proceeding without him in the litigation. Section 513 states:

(a) Extension of protection when actions stayed, postponed, or suspended

Whenever pursuant to this Act [sections 501 to 596 of this Appendix] a court stays, postpones, or suspends (1) the enforcement of an obligation or liability, (2) the prosecution of a suit or proceeding, (3) the entry or enforcement of an order, writ, judgment, or decree, or (4) the performance of any other act, the court may likewise grant such a stay, postponement, or suspension to a surety, guarantor, endorser, accommodation maker, comaker, or other person who is or may be primarily or secondarily subject to the obligation or liability the performance or enforcement of which is stayed, postponed, or suspended.

50 App. U.S.C.S. §513.

---

[2] In response to this Court's request for additional factual information from the Court, Officer Cawthorn's counsel provided the following information: (1) Officer Cawthorn was deployed on October 20, 2008; (2) his military rank and MOS is SSG.Cawthorn, 31B, Military Police Officer "squad leader"; (3) Officer Cawthorn was deployed in 2003 - 2004 for a 12-month period; following that deployment, he had a four-year break from Iraq, but was on multiple stateside deployments in support of hurricanes, tornadoes, floods, and law and order missions. There is no time frame for the state-side deployments due to natural disasters occurring and different missions; and (4) The projected date of Officer Cawthorn's deployment termination is November 5, 2009, which is subject to change due to orders being extended.

-3-

In *Boone v. Lightner*, 319 U.S. 561, 569, 63 S.Ct. 1223, 1228-29 (1943), the United States Supreme Court stated trial courts are vested with substantial discretion in granting the motions of servicemembers to stay legal proceedings against them, as follows:

> ***The Act makes no express provision as to who must carry the burden of showing that a party will or will not be prejudiced, in pursuance no doubt of its policy of making the law flexible to meet the great variety of situations no legislator and no court is wise enough to foresee. We, too, refrain from declaring any rigid doctrine of burden of proof in this matter, believing that courts called upon to use discretion will usually have enough sound sense to know from what direction their information should be expected to come.*** One case may turn on an issue of fact as to which the party is an important witness, where it only appears that he is in service at a remote place or at a place unknown. The next may involve an accident caused by one of his family using his car with his permission, which he did not witness, and as to which he is fully covered by insurance. Such a nominal defendant's absence in military service in Washington might be urged by the insurance company, the real defendant, as ground for deferring trial until after the war. To say that the mere fact of a party's military service has the same significance on burden of persuasion in the two contexts would be to put into the Act through a burden of proof theory the rigidity and lack of discriminating application which Congress sought to remove by making stays discretionary. ***We think the ultimate discretion includes a discretion as to whom the court may ask to come forward with facts needful to a fair judgment.***

(emphasis added).

Plaintiff contends because Officer Cawthorn's presence was not required in the prosecution of the criminal charges against plaintiff, Officer Cawthorn's presence will not be required in the prosecution of the civil action stemming from the arrest. Plaintiff also contends any recovery that could be realized "would be by virtue of vicarious liability on the part of the LCG and will not prejudice Officer Cawthorn personally." Plaintiff also contends Officer Cawthorn's deposition is not required to fully prosecute the case, as Officer Cawthorn gave a detailed statement of the events in the police report prepared shortly after the incident. Alternatively, plaintiff argues that, if this Court stays the matter as to Officer Cawthorn, the case should proceed against the remaining

defendants on grounds Officer Cawthorn's statement is "the best testimony he could provide" and Officer Cawthorn is "unlikely to credibly offer new testimony." Therefore, plaintiff argues the remaining defendants will not be prejudiced should the case proceed against them without Officer Cawthorn's presence.[3]

This Court understands the predicament of the plaintiff, who wishes to proceed with the lawsuit and have his day in court, and this Court will do everything it can to ensure no unnecessary delays are occasioned by the circumstances presented herein. However, this Court finds substantial prejudice could inure to the rights of Officer Cawthorn, the Lafayette City-Parish Consolidated Government, and the remaining officers were this Court to permit the lawsuit to proceed without Officer Cawthorn, who is not only a key witness in this case, but an alleged participant in the incident giving rise to the litigation. Indeed, the record shows plaintiff does not allege Officer Cawthorn was merely a bystander. In Paragraph 12 of his Complaint, plaintiff alleges:

12.

> Mr. Jean-Batiste exited the building and began descending the stairs when the officers, Greg Cawthorne and Paul Matte began shouting at him to "get down". Mr. Jean-Batiste inquired as to what was going on and again the officers shouted for him to "get down". Mr. Jean-Batiste voluntarily identified himself by giving his name, that he owned a business on the premises and that he was a former FBI agent. In the criminal trial, all officers that were on the scene testified that no officer asked Mr. Jean-Batiste to identify himself before demanding that he get on the ground nor did they ask his identity before they utilized excessive force to take him to the ground and beat him on the ground. **Once Mr. Jean-Batiste was at the foot of the stairs, he started kneeling and suddenly and without warning, and for absolutely no legitimate or lawful reason, without provocation or any illegal act having been**

---

[3] This Court notes that although the plaintiff cites this Court to several cases in support of his argument, those citations are to jurisprudence from courts in Colorado, Washington, Iowa and Arkansas, which have no precedential effect on this Court. Although the plaintiff does cite to a case decided by the Louisiana Supreme Court, the issue before this Court is one concerning the application of federal law.

**committed by Mr. Jean-Batiste, <u>Defendants Greg Cawthorne[4]</u> and Paul Matte slammed him to the ground face first with great force, <u>Greg Cawthorne</u> kneed him in the back of his neck and began striking Mr. Jean-Batiste with his baton.** Defendant Jason Herpin arrived on the scene shortly after Mr. Jean-Batiste was taken to the ground and he began violently striking Mr. Jean-Batiste with his large metal flashlight, while the other officers had Mr. Jean-Batiste pinned to the ground.

Thus, plaintiff alleges that Officer Cawthorn was a key participant in the alleged beating. Plaintiff has sued the defendants for, *inter alia*, assault and battery, false arrest, false imprisonment, and excessive force. Clearly, the actions of Officer Cawthorn will be central to a disposition of the case. Moreover, the fact that Officer Cawthorn gave a statement after the incident – which statement was, apparently, sufficient for purposes of the criminal trial – is not likely to satisfy the discovery requirements of this civil matter.

Therefore, after consideration of the foregoing and the arguments of the parties, this Court concludes Officer Cawthorn possesses "facts needful to a fair judgment" in this case, such that his presence is necessary for the case to proceed, and that he is, therefore, entitled to the protections afforded by the Servicemembers Civil Relief Act. This Court also concludes the remaining defendants are entitled to a stay of the matter while Officer Cawthorn is deployed, inasmuch as Officer Cawthorn is an important witness whose testimony will be vital to the disposition of the allegations against *all* defendants.

Considering the foregoing,

IT IS ORDERED that defendants' Motion to Stay [Doc. 6] is GRANTED with respect to all defendants. IT IS FURTHER ORDERED that this case is ADMINISTRATIVELY CLOSED and placed on the Court's administrative docket for the duration of the stay.

---

[4] In his Motion to Stay, Officer Cawthorn states he has been erroneously sued as Officer "Cawthorne."

IT IS FURTHER ORDERED that defendant or his counsel shall notify this Court, the remaining defendants, and plaintiff within seven (7) days of Officer Cawthorn's return from deployment or return to the United States for any reason or for any period of duration. Once this Court is notified of same, this Court will set a telephone status conference to discuss the lifting of the stay and the removal of the case from the Court's administrative docket, and whether this case should receive an expedited trial date and/or discovery plan in light of the stay.[5]

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___7___ day of April 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 4/8/09
BY: CJS
TO: RFD

---

[5] Counsel for Officer Cawthorn are cautioned, failure to notify all defendants, and the plaintiff and the Court within seven days of Officer Cawthorn's return to the United States, whether as a result of his deployment ending or as a result of leave of any nature, could result in **both** the attorney and Office Cawthorn being found in contempt of court.