UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**GARLAND JEAN-BATISTE**                **DOCKET NUMBER: 6:08-CV-01985**

**VERSUS**

**LAFAYETTE CONSOLIDATED**              **JUDGE DONALD E. WALTER**
**GOVERNMENT, CITY OF LAFAYETTE**
**POLICE DEPARTMENT, POLICE**
**CHIEF JIM CRAFT, OFFICERS JASON**
**HERPIN, GREG CAWTHORNE**              **MAGISTRATE PATRICK HANNA**
**AND PAUL MATTE**                      **Jury Trial Requested**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON CERTAIN ELEMENTS OF DAMAGES

**NOW INTO COURT,** through undersigned counsel, come defendants, **Lafayette City-Parish Consolidated Government, Police Chief Jim Craft, Officer Jason Herpin, Officer Greg Cawthorn** and **Officer Paul Matte**, and move this Court, to render partial summary judgment herein against plaintiff, **Garland Jean-Batiste,** pursuant to Federal Rule of Civil Procedure 56, on the grounds that, as will appear from the pleadings, exhibits and deposition testimony attached to the memorandum in support of this motion, and the jurisprudence cited therein, defendants are entitled to partial summary judgment in their favor dismissing plaintiff's claims for the following damages: (1) compensatory damages for economic losses plaintiff did not personally sustain; (2) damages allegedly arising out of damage to plaintiff's reputation; and (3) punitive damages, which plaintiff is not entitled to recover as a matter of law.

1.

First, the evidence shows that, as a matter of law, plaintiff is not entitled to recover any compensatory damages for any economic losses as he did personally sustain any loss of income. Rather, per plaintiff's deposition testimony given herein, any alleged such economic losses were

sustained by a separate legal entity, namely, Jean-Batiste Foods, a Louisiana limited liability company for which plaintiff cannot sue in his own name to recover damages on said entity's behalf.

2.

Further, as plaintiff was convicted of the crime for which he was arrested and charged, i.e. "Resisting an Officer" Officer" under Louisiana Revised Statute 14:108, the court should dismiss any claims arising out of any alleged damage to plaintiff's reputation, including those for past and future mental anguish, past and future embarrassment and future loss of career opportunities.

3.

Finally, plaintiff's claim for punitive damages should be dismissed, as a matter of law, because plaintiff has alleged that any violative actions by the defendant officers and/or by Police Chief Jim Craft occurred while each was acting in his official capacity as an employee of the Lafayette City-Parish Consolidated Government. Specifically, plaintiff alleges that "during all relevant periods of time," Police Chief Jim Craft and Officers Cawthorn, Matte and Herpin were "employed by" and "acting under the color of state law and authority granted" by the Lafayette City-Parish Consolidated Government,[1] and further, specifically alleges that, "at all times material," to his Complaint, the defendant officers and Chief Craft "acted under color of the statutes, customs, ordinances, and usages of the LCG."[2] Accordingly, as there can be no recovery of punitive damages when an officer's or administrator's allegedly violative actions are taken in an official capacity, and there are no claims asserted against the officers or Police Chief Craft individually, plaintiff's claim for punitive damages should be dismissed.

4.

Accordingly, the court should dismiss the above damage claims and allow plaintiff to pursue only those damages which he can prove arose out of any force, if any, used by the defendant officers beyond that which they were lawfully entitled to employ to overcome his resistance and to effect his

---

[1] Complaint, Paragraphs 4-7, Doc. 1 herein.

[2] Complaint, Paragraph 9, Document 1 herein.

arrest for resisting an officer,[3] such as whether he sustained any physical or emotional damage, medical or other such expenses or any physical disability, due to any alleged excessive force claim, should there be any such claim remaining, not precluded by *Heck*.

**WHEREFORE,** premises considered, defendants pray that plaintiff, **Garland Jean-Batiste,** be duly served and cited with this motion, and be ordered to show cause why partial summary judgment same should not be granted, dismissing the above delineated claims for damages against defendants, **Lafayette City-Parish Consolidated Government, Police Chief Jim Craft, Officer Jason Herpin, Officer Greg Cawthorn** and **Officer Paul Matte**, with full prejudice, and at plaintiff's cost.

Respectfully submitted,

**SWIFT & RHOADES, L.L.P.**

By:  s/Donna R. Moliere
  JOHN G. SWIFT (#12612)
  DONNA R. MOLIERE (#01492)
  930 Coolidge Boulevard
  Post Office Box 53107
  Lafayette, Louisiana 70505-3107
  (337) 572-9877
  (337) 572-9737 fax
  Attorneys for Defendants,
 Lafayette City-Parish Consolidated Government,
  Police Chief Jim Craft, Officer Jason Herpin,
  Officer Greg Cawthorn and Officer Paul Matte

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing *Defendants' Motion for Partial Summary Judgment on Certain Elements of Damages* was filed electronically with the Clerk of Court and served on all counsel of record in these proceedings using the CM/ECF system.

Lafayette, Louisiana, this 28th day of June, 2010.

---

[3] See the *Heck* doctrine, *Heck v. Humphrey,* 512 U.S. 477 (1994) and *Defendants' Motion for Summary Judgment, and Alternatively, Motion for Partial Summary Judgment (Based on the Heck Doctrine)* (Document 52 herein).

                                             **s/Donna R. Moliere**
                                             **JOHN G. SWIFT**
                                             **DONNA R. MOLIERE**