U.S DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 11 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| GARLAND JEAN-BATISTE | CIVIL ACTION NO. 08-1985 |
| VERSUS | DISTRICT JUDGE WALTER |
| LAFAYETTE CONSOL. GOV'T, ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before this Court are four Motions for Summary Judgment [Rec. Doc. #48, Rec. Doc. #50, Rec. Doc. #55 and Rec. Doc. #57] filed on behalf of Defendants, Lafayette Consol. Gov't ("LCG"), Police Chief Jim Craft ("Craft"), Officer Jason Herpin ("Herpin"), Officer Greg Cawthorn ("Cawthorn") and Officer Paul Matte ("Matte"). Plaintiff opposes these motions. [Rec. Doc. #59, Rec. Doc. #60, Rec. Doc. #61 and Rec. Doc. #62]. For the reasons assigned herein, Defendants' motions are **GRANTED**.

### I. FACTUAL BACKGROUND

On January 3, 2008, at approximately 2:00 A.M., Lafayette Police Officers Greg Cawthorn, Paul Matte and Jason Herpin were responding to a 911 call regarding a possible burglary at Town House Office Plaza, 920 W. Pinhook Road, in Lafayette, Louisiana. [Rec. Doc. #59-1 at 1]. Plaintiff Garland Jean-Batiste was arrested at the above investigation scene and was charged with "Resisting an Officer" pursuant to Louisiana Revised Statute 14:108. *Id.* On December 11, 2008, Garland Jean-Batiste was convicted on the charge of "Resisting an Officer" under Louisiana Revised Statute 14:108 in the criminal proceedings entitled *State of Louisiana v.*

Page 1

*Garland Jean-Batiste*, 15th Judicial Court CC Docket No. 118960, Parish of Lafayette, State of Louisiana. *Id.* at 2.

On December 18, 2008, Jean-Batiste filed this civil action seeking damages and injunctive relief under 42 U.S.C. § 1983, and Jean-Batiste advanced a number of state law claims invoking supplemental jurisdiction under 28 U.S.C. § 1367. Plaintiff contends that during the course of his arrest the Defendant officers subjected him to excessive force. [Rec. Doc. # 14 at 4-5].

## II. SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). A genuine issue can be resolved only by a trier of fact because it may be resolved in favor of either party. *Id.* at 248-49, 106 S.Ct. at 2510. A fact is "material" if it can "affect the outcome of the suit under the governing law." *Id.* Facts that are irrelevant or unnecessary for determination of the suit should not be considered. *Id.* The substantive law will determine which facts are "material." *Id.*

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556 (1986). When a defendant moves for summary judgment on the plaintiff's claim, he may satisfy the summary judgment burden by (1) showing there is no evidence to support an essential

element of the plaintiff's claim, or (2) submitting summary judgment evidence that negates one of the essential elements of the plaintiff's claim. *Id.* 477 U.S. at 322-24, 106 S.Ct. at 2553; *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). If the motion is properly made, the plaintiff "must set forth facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250; 106 S.Ct. at 2511. This burden is not satisfied by "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Instead, the plaintiff "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

The standard for summary judgment mirrors the standard for a directed verdict under FED. R. CIV. P. 50(a). As the Supreme Court has oft repeated:

> "Nor are judges any longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party. Formerly it was held that if there was what is called a *scintilla* of evidence in support of a case the judge was bound to leave it to the jury, but recent decisions of high authority have established a more reasonable rule, that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed."

*Anderson*, 477 U.S. at 251, 106 S.Ct. at 2511 (quoting *Improvement Co. v. Munson*, 81 U.S. 442, 448, 20 L.Ed. 867 (1872)). In essence, the inquiry for the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. All

reasonable doubts about the facts are to be resolved in favor of the plaintiff. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 456 (5th Cir. 2005).

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

### III. DISCUSSION

In this instance, the Defendants have provided this Court with affidavits, transcripts and depositions to support their four Motions for Summary Judgments. *See* Exhibits to Rec. Docs. #48, 50, 55, and 57. Here, the moving party has met their initial burden by providing these affidavits, transcripts and depositions. These exhibits serve to negate the Plaintiff's claims. "In the face of the . . . properly supported motion for summary judgment, the [non-moving party can] not rest on his allegations . . . to get to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986).

In response, Jean-Batiste must present this Court with "competent summary judgment evidence" as is described in FED. R. CIV. P. 56. *Stingley v. Den Mar Inc.*, 2009 WL 2762374 (5th Cir. 2009). According to Rule 56, this evidence must "be sworn, certified, or verified material." *Id.* According to the express language of Fed. R. Civ. P. 56(e)(2), "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

Jean-Batiste has failed to meet his burden. This Court has reviewed the docket. His initial complaint was not verified (sworn under penalty of perjury). He provided no affidavits, transcripts or depositions. His Oppositions [Rec. Docs. #59, 60, 61, and 62] to the Motions for Summary Judgment were not verified. The Fifth Circuit has shown a willingness to grant non-moving parties a wide berth in satisfying the Rule 56 requirements. Jean-Batiste has not met them.

Finally, Jean-Batiste has not complied with Local Rule 56.2 which states "[e]ach copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Each

Opposition [Rec. Doc. #59, 60, 61, and 62] merely contains a "Statement of Uncontested Material Facts as to Which Plaintiff Contends There is No Genuine Issue to Be Tried." *See* Rec. Docs. #59-1, 60-1, 61-1 and 62-2]. Thus, because the material facts set forth by the Plaintiffs [Rec. Docs. #48-1, 50-1, 55-1 and 57-7] have not been controverted, there is no genuine issue of material fact for trial.

IV. **CONCLUSION**

Accordingly, the Court finds there is no genuine issue of material fact and Lafayette Consol. Gov't, et al. is entitled to judgment as a matter of law.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11 day of August, 2010.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE